IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JACOB TREMAIN COVINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV622 |
| | ) | |
| UNKNOWN PERSONS AT THE | ) | |
| FEDERAL MEDICAL CENTER, | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner housed in Rochester, Minnesota, submitted a letter concerning his medication. In the Letter, Plaintiff states that he wants to file a lawsuit against the facility where he is held for not providing his medication. He later filed another similar letter concerning his medication. Given the nature of the filings, the Court treated them as a civil rights Complaint and Supplement pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(d).

3.         Plaintiff does not name proper defendants. Plaintiff seeks to file a lawsuit against the prison where he is housed, but he cannot sue a building. He must name the persons who are actually responsible for the alleged violations of his constitutional rights.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects of the present Complaint. To the extent Plaintiff chooses to file a new Complaint, the Court also notes that it appears that the potential defendants may be located in the District of Minnesota, where Plaintiff is housed. The events challenged in the Complaint are all alleged to have occurred there as well. Therefore, it appears that venue would be proper in that District, and Plaintiff may obtain forms and instructions from the Clerk's Office for filing in that District. See 28 U.S.C. § 1391(b). The address is: Diana E. Murphy United States Courthouse, 300 South Fourth Street - Suite 202, Minneapolis, MN 55415.[1]

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

---

[1] If Plaintiff chooses to re-file his Complaint in this District, he should correct the defects noted above and he should also address the question of venue so the Court can consider whether to transfer venue to the District of Minnesota. The Court also notes that if Plaintiff intended to assert a request or bring a claim other than a lawsuit against defendants at the facility where he is housed, he should request proper forms for the request he intends to file and should clarify the filing and the nature of the request in any re-filing.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper forms and in the proper district, which corrects the defects cited above.

This, the 30th day of October, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge